CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
DEC 17 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERENCE T. HARRINGTON, | ) | Civil Action No. 7:10-cv-00270 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN DIGGS, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Terence T. Harrington, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The respondent filed a motion to dismiss, and the time for petitioner to respond expired, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion to dismiss.

I.

Petitioner is presently detained pursuant to a final judgment of the Circuit Court of Northampton County dated September 16, 2008. After petitioner entered his Alford[1] pleas, the circuit court convicted petitioner of possession of cocaine with intent to distribute and felony eluding police. In exchange for his Alford pleas, the Commonwealth nolle prossed charges of transporting more than one ounce of cocaine into the Commonwealth and driving on a suspended license. The circuit court sentenced petitioner to a total of twenty years' imprisonment with ten years suspended.

Petitioner appealed his convictions to the Court of Appeals of Virginia, arguing that the circuit court erred in failing to reopen his case because he wanted to present evidence that he had provided assistance to the "authorities in the City of Portsmouth" and, thus, his sentence should be reconsidered. By order dated April 3, 2009, the Court of Appeals of Virginia denied the

---

[1] See North Carolina v. Alford, 400 U.S. 25 (1970).

petition for appeal. Petitioner's subsequent appeal to the Supreme Court of Virginia was refused on October 2, 2009.

On September 25, 2009, petitioner timely filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. In his sole claim for relief, petitioner argued that his attorney was ineffective at sentencing because he failed to subpoena detectives from various jurisdictions to testify that he gave "substantial assistance" in the investigation and prosecution of drug crimes. He further alleged that the outcome of his sentence would have been different if the sentencing judge had the information regarding his cooperation with authorities in other jurisdictions. The Supreme Court of Virginia dismissed the petition on September 28, 2010.[2]

On or about June 16, 2010, petitioner timely filed the instant federal petition for a writ of habeas corpus. He claims he is entitled to federal habeas relief on the following grounds:

(a) He assisted the Portsmouth police department, through documents he provided to "Chief Jailor Rodger Kennedy" of the Eastern Shore Regional Jail, and, therefore, is entitled to a new trial or "time reconsideration";

(b) He passed documents of crime to Sgt. Rodriguez and Assistant Warden Townsend of the Nottoway Correctional Center, who passed documents to the internal affairs office of the Portsmouth and Norfolk police departments, which entitles him to a post-conviction motion to present this new evidence;

(c) He assisted Steve Lewis and Scott Wade of the Eastern Shore Drug Task Force in Northampton and Accomack Counties in drug prosecutions;

(d) His attorney was ineffective for not arguing that the drugs did not belong to him; and

(e) His attorney was ineffective for not issuing subpoenas to police officers Scott Wade and Steve Lewis to testify at his sentencing hearing.

---

[2] The Supreme Court of Virginia originally dismissed the petitioner by order of March 22, 2010, but vacated that order and entered a new order in September 2010.

Petitioner requests that the circuit court hear evidence of his assistance and reduce his sentence in light of his cooperation with the police.

II.

A.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." However, a federal court "may not grant a writ of habeas corpus to petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). An exhausted claim is one that is fairly presented to the state's highest court. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).

Respondent acknowledges that petitioner exhausted claims (a), (b), (c), and (e) but argues that petitioner did not exhaust claim (d), in which he alleges that his attorney was ineffective for not arguing that the drugs belonged only to his co-defendant. Petitioner did not present this claim to the Supreme Court of Virginia and may not return to state court to present it now. See Va. Code § 8.01-654(B)(2) (barring such a successive habeas petition). Accordingly, I consider claim (d) simultaneously exhausted and defaulted because petitioner failed to present this claim to the Supreme Court of Virginia and he may no longer do so.

B.

Claims (a), (b), (c), and (d) do not raise grounds that petitioner is in custody in violation of the United States' Constitution or laws. Petitioner merely argues that he is entitled to have the circuit court reconsider his sentence because of his alleged cooperation with law enforcement for

3

unrelated prosecutions. Petitioner does not cite any authority for his argument that he is entitled as a matter of federal law to have his sentence reconsidered or reduced because of his alleged cooperation with law enforcement. As a matter of state law, the circuit court is without authority to modify the sentence of any prisoner who has been transferred to the custody of the Department of Corrections. Va. Code. § 19.2-303; Wilson v. Commonwealth, 54 Va. App. 631, 639, 681 S.E.2d 74, 78 (2009) ("By its explicit terms, Code § 19.2-303 permits a trial judge to retain jurisdiction to suspend or modify a sentence beyond the twenty-one day limit of Rule 1:1 if the person sentenced for a felony has not been transferred to the Department of Corrections.") (internal quotations and alterations omitted). Accordingly, petitioner is not entitled to federal habeas relief as to these claims.

C.

In claim (e), petitioner alleges that he received ineffective assistance of counsel, in violation of the Sixth Amendment, when counsel did not issue subpoenas to police officers Scott Wade and Steve Lewis to testify at his sentencing hearing. To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697. Furthermore, "an attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires a petitioner to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

4

Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him. Strickland, 466 U.S. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

The Supreme Court of Virginia reviewed Strickland and denied habeas relief for this claim. In reaching this conclusion, the Supreme Court of Virginia held that petitioner failed to proffer "affidavits from any of the alleged potential witnesses to verify that they would have testified as [petitioner] contends." Harrington v. Warden, No. 092002, slip op. at 2 (Va. Sept. 28, 2010). The Supreme Court of Virginia further found that "[t]he record, including the sentencing transcript and the affidavit of counsel, demonstrates that after petitioner pleaded guilty, counsel interviewed the four police officers petitioner wanted him to subpoena for sentencing and determined their testimony would be severely prejudicial and unhelpful to petitioner." Id.

The Supreme Court of Virginia's ruling is not contrary to or an unreasonable application

5

of federal law and it does not rest upon an unreasonable finding of facts. Counsel investigated petitioner's request for the officers to testify. Counsel realized that the officer's statements would not help petitioner and made the strategic decision not to request their testimony. Counsel's averments specifically described the negative and neutral opinions to which the officers would have testified. Counsel's actions did not constitute deficient performance and petitioner does not establish any resulting prejudice. Accordingly, petitioner is not entitled to federal habeas relief on this claim.

III.

For the foregoing reasons, I grant the respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 17th day of December, 2010.

Senior United States District Judge